JUSTICE COTTER
concurs.
¶53 I concur in the Court’s Opinion. I write separately to dispel the notion inherent in the cost containment arguments of MACo and amicus MSF that giving older workers the opportunity to receive rehabilitation benefits will lead to an explosion of costs. This concern is largely unwarranted, as the Workers’ Compensation Act has in place a cost containment measure that will account for the age and capacity of the injured worker in determining whether and to what extent such benefits will be available.
¶54 As the Court points out at ¶ 13, a worker is not eligible for rehabilitation benefits unless he or she meets the definition of a disabled worker, and a rehabilitation provider designated by the insurer has certified that the worker has reasonable vocational goals and reasonable reemployment opportunity. Sections 39-71-1006(l)(a)-(b), MCA. A rehabilitation plan must be prepared and agreed to by the parties. It must take account of the worker’s age, education, training, work history, residual physical capacities, and vocational interests. Section 39-71-1006(l)(c), MCA. This system is designed to and does limit the number of persons eligible for rehabilitation benefits and the amount of benefits available. Presumably, the system will continue to function the same way once older workers become eligible for benefits; indeed, there is a likelihood that it will screen a large number of older applicants out of the system if the rehabilitation provider concludes that the older worker-for any or all of the reasons noted above-does not have reasonable reemployment opportunities.
¶55 Caldwell and other older workers will not be guaranteed rehabilitation benefits by virtue of our decision; they will simply be guaranteed the same right to seek such benefits as is enjoyed by a younger worker disabled on the job. This is the essence of equal protection. I therefore concur with the Court’s decision.
*153 JUSTICE NELSON joins in the Concurrence of JUSTICE COTTER.